### Charles Schultz v. Walton Reed.

1. WITNESS—*when party by recalling, does not make, his own.* A party who has cross-examined a witness, who recalls him for the purpose of asking impeaching questions, does not thereby make such witness his own.

2. INSTRUCTIONS—*when errors in, will not reverse.* Errors in instructions will not reverse where, from all the instructions given, it does not appear as probable that the jury was misled.

Action commenced before justice of the peace. Appeal from the County Court of Wayne County; the Hon. ISAAC W. IBBOTSON, Judge, p esiding. Heard in this court at the February term, 1905. Affirmed. Opinion filed September 8, 1905.

H. G. MORRIS, for appellant.

CREIGHTON & THOMAS, for appellee.

MR. JUSTICE MYERS delivered the opinion of the court.

This case was tried by a jury in the County Court of Wayne County upon appeal from a justice of the peace. The jury found a verdict for the defendant, upon which judgment was entered and the plaintiff appealed to this court. The action was brought by appellant to recover damages for failure of appellee to deliver 528 bushels of red top seed according to contract, which appellant claims to have been made and which appellee denies. Whether or not there was a contract between plaintiff and defendant for the purchase and sale of red top seed was the controlling issue of fact in this case to be determined by the jury from what was said by plaintiff's agent, William Petty, and the defendant in the conversation between them at Petty's store in Mount Erie on the evening of September 19, 1901.

According to the testimony of Petty and Schultz, the son and agent of plaintiff, a contract was made and liability of the defendant was established. According to the testimony of defendant there was no contract or obligation on his part to deliver the seed. Evidence of other conversations, facts and circumstances tending to corroborate or discredit the testimony of the witnesses mentioned was heard in the trial, and in such contrariety and conflict the verdict of the jury must be held conclusive unless there was prejudicial error in the rulings of the court in the admission and exclusion of evidence or in the giving of instructions to the jury. After a careful examination of the abstract, and consideration of appellant's argument, we find no substantial error in the rulings of the court upon the admission or exclusion of evidence. The memorandum book kept by Schultz was properly excluded for the reason that it was in no sense a book of accounts between the parties and at most could have been considered as corroborative of Schultz's version of the conversation between Petty and Reed. The memorandum was Schultz's conclusion from what was stated by Reed or from what Petty told him. In either case it was properly excluded. Schultz testified to what was said and also to what his book contained, and there was no contradiction of his book entry, so that notwithstanding the court's ruling the plaintiff had the benefit of this evidence. We do not find from the abstract and record that William Petty was at any time called or examined as defendant's witness, so that objections to impeaching questions put to him by defendant's counsel are not well taken. Though it does not appear of record that he was recalled for further cross-examination, yet the circumstance of his being recalled to the stand, and the character of the examination, it appears to have been for the sole purpose of asking the impeaching questions. In doing this the defendant did not make him his witness.

Complaint is made of instructions to the jury given at the instance of the defendant. The criticism by appel-

422 APPELLATE COURTS OF ILLINOIS.

VOL. 122.] The People v. St. L. & Belleville Electric Ry. Co.

lant is, in part at least, justified especially as respects the fifth and sixth. In neither of these is the legal proposition sought to be given stated as fully and accurately as it should have been, though considered in connection with other instructions given, as well those for the plaintiff as for the defendant, we do not think the error was such as to mislead the jury or that their verdict was influenced thereby to the prejudice of appellant.

Finding no substantial or prejudicial error in the record the judgment of the County Court will be affirmed.

*Affirmed.*